1  **WO**

2

3

4

5

6                    **IN THE UNITED STATES DISTRICT COURT**

7                        **FOR THE DISTRICT OF ARIZONA**

8

9  Abdulbasit Abdullah,                          No. CV-13-01811-PHX-DGC

10                         Plaintiff,            **ORDER**

11  v.

12  Social Security Administration
    Commissioner,

13
                           Defendant.
14

15

16         Pursuant to 42 U.S.C. § 405(g), Plaintiff Abdulbasit Abdullah seeks judicial

17  review of the Commissioner's decision finding him not disabled within the meaning of

18  the Social Security Act.  Doc. 15.  Plaintiff has also filed a motion to supplement the

19  record.[1]   Doc. 14.   Defendant has filed a motion to remand and a supporting

20  memorandum.  Docs. 16, 17.  The motions are fully briefed and no party has requested

21  oral argument.  For the reasons that follow, the Court will remand this case for further

22  proceedings.

23  **I.      Background.**

24         Plaintiff applied for disability and supplemental security insurance benefits on

25  March 5, 2010, alleging disability beginning January 1, 2007.  Doc. 15 at 2.  After a

26  _____

27         [1] In her motion for remand, Defendant concedes that Plaintiff's newly submitted
    evidence "arguably relates back to Plaintiff's condition during the relevant time period
28  and could change the outcome of the hearing decision."  Doc. 17 at 2.  The Court will
    therefore grant the motion to supplement the record.

1   hearing on October 14, 2011, an administrative law judge ("ALJ") issued an opinion on

2   November 4, 2011 finding Plaintiff not disabled.  A.R. 17-28.  A request for review was

3   denied by the Appeals Council and the ALJ's opinion became the Commissioner's final

4   decision on September 4, 2013.  Doc. 15 at 2.

5   **II.     Legal Standard.**

6         Defendant's decision to deny benefits will be vacated "only if it is not supported

7   by substantial evidence or is based on legal error."  *Robbins v. Soc. Sec. Admin.*, 466 F.3d

8   880, 882 (9th Cir. 2006).  "'Substantial evidence' means more than a mere scintilla, but

9   less than a preponderance, i.e., such relevant evidence as a reasonable mind might accept

10  as adequate to support a conclusion."  *Id.*   In determining whether the decision is

11  supported by substantial evidence, the Court must consider the record as a whole,

12  weighing both the evidence that supports the decision and the evidence that detracts from

13  it.  *Reddick v. Chater*, 157 F.3d 715, 720 (9th Cir. 1998).  If there is sufficient evidence to

14  support the Commissioner's determination, the Court cannot substitute its own

15  determination.  *See Young v. Sullivan*, 911 F.2d 180, 184 (9th Cir. 1990).

16  **III.    Analysis.**

17        Plaintiff advances four arguments as to why the ALJ's decision was erroneous.

18  First, he argues that the ALJ failed to address "whether the opinion of [Plaintiff]'s

19  treating physician, Dr. Sivakumar, and the evidence submitted from Dr. Geary establishes

20  that [Plaintiff] meets or equals Listings 11.12 and/or 12.04."  Doc. 15 at 1.  Second, he

21  argues that the opinion of Dr. Sivakumar, one of his treating physicians, was improperly

22  rejected by the ALJ.  *Id.*   Next, Plaintiff contends that the ALJ improperly rejected his

23  subjective testimony.  *Id.*  Finally, Plaintiff argues that the ALJ erred by failing to obtain

24  the testimony of a vocational expert.  *Id.*

25        Defendant asks the Court to remand the case to the Appeals Council for the

26  purpose of considering Plaintiff's newly submitted evidence and for reconsidering

27  Plaintiff's residual functional capacity, Plaintiff's ability to communicate in English, and

28  "whether Plaintiff can perform other work existing in significant numbers in the national

1   economy[.]"  Doc. 16 at 2.  Plaintiff opposes Defendant's motion to remand and argues

2   that the case should be remanded for an award of benefits based on the credit-as-true

3   doctrine.  Doc. 18 at 1.  Because there are outstanding issues that have yet to be resolved,

4   the Court will remand the case for further proceedings.

5        In *Smolen v. Chater*, 80 F.3d 1273, 1292 (9th Cir. 1996), the Ninth Circuit held

6   that evidence should be credited and an action remanded for an immediate award of

7   benefits when the following three factors are satisfied: (1) the ALJ has failed to provide

8   legally sufficient reasons for rejecting evidence; (2) there are no outstanding issues that

9   must be resolved before a determination of disability can be made; and (3) it is clear from

10  the record that the ALJ would be required to find the claimant disabled were such

11  evidence credited.  Remand for an award of benefits is appropriate where the record is

12  "fully developed."  *Reddick*, 157 F.3d at 728.

13       Assuming, without deciding, that the ALJ improperly rejected either Dr.

14  Sivakumar's opinion or Plaintiff's testimony, it is not clear that the ALJ would be

15  required to find Plaintiff disabled if either was credited.  There is no vocational expert

16  testimony considering Dr. Sivakumar's opinion or Plaintiff's testimony and explaining

17  what jobs would be available to Plaintiff if either was accepted as true.  Further, the

18  record cannot be said to be fully developed where the Plaintiff has submitted additional

19  relevant records from Dr. Sivakumar which Defendant has not yet considered and

20  acknowledges "could change the outcome of the case."  Doc. 17 at 2.  Accordingly, it is

21  not clear to the Court that the ALJ would be required to find Plaintiff disabled if Dr.

22  Sivamukar's opinion or Plaintiff's testimony were credited as true.  The Court will

23  therefore remand the case for further proceedings.  Because the Defendant has indicated

24  that an ALJ will reconsider a number of issues, including Plaintiff's residual functioning

25  capacity, the Court need not address Plaintiff's arguments.

26

27

28

1    **IT IS ORDERED** that this case is **remanded** for further proceedings pursuant to

2    sentence four of 42 U.S.C. § 405(g).   Plaintiff's motion to supplement the record

3    (Doc. 14) is **granted**.   The Clerk shall **enter judgment** accordingly and **terminate** this

4    action.

5    Dated this 7th day of April, 2014.

6

7

8

9    _____

10                   David G. Campbell
                  United States District Judge

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28