**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Abdulbasit Abdullah,<br><br>             Plaintiff,<br><br>v.<br><br>Social Security Administration Commissioner,<br><br>             Defendant. | No. CV-13-01811-PHX-DGC<br><br>**ORDER** |

Plaintiff has filed a motion for attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d). The motion is fully briefed and no party has requested oral argument. The Court will grant Plaintiff's motion.

**I.   Background.**

Plaintiff applied for disability and supplemental security insurance benefits on March 5, 2010, alleging disability beginning January 1, 2007. Doc. 15 at 2. After a hearing on October 14, 2011, an administrative law judge ("ALJ") issued an opinion on November 4, 2011, finding Plaintiff not disabled. A request for review was denied by the Appeals Council and the ALJ's opinion became the Commissioner's final decision on September 4, 2013. Doc. 15 at 2.

Plaintiff filed a complaint with this Court asking for review of the Commissioner's decision. Doc. 1. On January 22, 2014, Plaintiff filed its opening brief, as well as a motion to supplement the record with additional evidence he had already submitted to the Appeals Council in 2012, including an assessment from Dr. Geary. Docs. 30 at 2; 14.

Defendant acknowledged that these records had not been addressed by the Appeals Council and were relevant to the outcome of Plaintiff's case. Doc. 30 at 2-3. As a result, Defendant filed a motion to remand on February 5, 2014. Doc. 16. Plaintiff opposed this motion, arguing that remand was unnecessary and instead seeking a final decision that he was entitled to benefits. Doc. 18. Because this Court found that there were several outstanding issues requiring resolution before a determination of disability could be made, the Court remanded the case for further proceedings. Doc. 20 at 3. Plaintiff now seeks to recover costs and attorney's fees for legal work performed through the time Plaintiff's counsel was able to confer with him and confirm in writing Defendant's offer to remand. Doc. 29 at 5.

**II.     Legal Standard.**

Under the EAJA, the Court must award attorney's fees to a prevailing party unless the United States shows that its position was "substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A); *see Gutierrez v. Barnhart,* 274 F.3d 1255, 1258 (9th Cir.2001); *Flores v. Shalala,* 49 F.3d 562, 567 (9th Cir.1995) ("The EAJA creates a presumption that fees will be awarded to prevailing parties."). In this case, Plaintiff is a prevailing party because the final administrative judgment denying his application for benefits was reversed and remanded for further consideration. *Gutierrez,* 274 F.3d at 1257 ("An applicant for disability benefits becomes a prevailing party for purposes of the EAJA if the denial of her benefits is reversed and remanded regardless of whether disability benefits ultimately are awarded.").

**III.    Was Defendant's Position Substantially Justified?**

Defendant argues that Plaintiff should be denied costs and attorney's fees because the Commissioner's initial defense of this case, before seeking remand, was substantially justified based on the information available to her at the time. Doc. 30 at 4. Defendant also argues that Plaintiff did not act with reasonable diligence when he submitted the records in question to the Appeals Council on May 21, 2012, a month after the deadline set by the Appeals Council. *Id.* at 7-8.

The Supreme Court has held that a position may be substantially justified "if it has a reasonable basis in fact and law." *Pierce v. Underwood,* 487 U.S. 552, 566 n.2 (1988). When determining whether the government's position was substantially justified, the Court considers "both the government's litigation position and the underlying agency action giving rise to the civil action." *Meier v. Colvin*, 727 F.3d 867, 870 (9th Cir. 2013).

According to Defendant, "[w]ithin two weeks of the Plaintiff's filing of evidence showing that he had previously submitted Dr. Geary's record to the Appeals Council, the Commissioner filed a motion voluntarily seeking remand to address Dr. Geary's records." *Id.* at 7. But Plaintiff brought to Defendant's attention on December 30, 2013 the absence of Dr. Geary's medical reports in the administrative record. Doc. 31-2. Plaintiff asked Defendant to stipulate that he could supplement the record with these documents. *Id.* Defendant indicated that it needed time to investigate the record and confirm that it was incomplete. *Id.* Plaintiff sought an unopposed motion, at the suggestion of Defendant, for an extension of time to file its opening brief while Defendant was investigating. Doc. 12. The parties engaged in several weeks of email correspondence concerning Plaintiff's efforts to supplement the record. *Id.* at 1-7. Noting that Defendant had not reached any conclusions about the status of the record or provided any response to Plaintiff's request to supplement, Plaintiff informed Defendant that it would file the motion to supplement and the opening brief. Doc. 31-2 at 1. The motion and brief were filed on January 22, 2014 (Docs. 14; 15), and Defendant responded with a motion to remand, based on Dr. Geary's unconsidered reports, on February 5, 2014. Doc. 16. Thus, the question is whether Defendant's continued opposition to Plaintiff's claim, despite being advised that the Appeals Council had failed to consider relevant evidentiary reports, was substantially justified. The Court finds that it was not.

Defendant was informed of the missing reports by Plaintiff in late December. It provides no justification for continuing to oppose Plaintiff's claim until February. Nor does it provide any evidence that the Appeals Council was justified in its failure to

- 3 -

consider Dr. Geary's reports or its ultimate denial of Plaintiff's claim, as will be further discussed below.

**IV.    Did Special Circumstances Exist to Preclude an Award of Attorney's Fees?**

In the alternative, Defendant argues that Plaintiff's motion for costs and attorney's fees should be denied under the special circumstances exception. This exception "gives 'the court discretion to deny awards where equitable considerations dictate an award should not be made.'" *Scarborough v. Principi*, 541 U.S. 401, 423 (2004) (*citing* H.R.Rep. No. 96–1418, p. 11 (1980)). Defendants contend that "Plaintiff's unexplained month-late submission of Dr. Geary's records would make an award of attorney fees under the EAJA unjust[,]" and would "reward counsel's lack of diligence and effectively send the message that Social Security claimants' attorneys need not comply with agency deadlines and instructions – and, in fact, may recover fees even where they create the need for additional proceedings through their own failure to comply with agency deadlines and instructions." Doc. 30 at 10, 11-12.

Defendant emphasizes that Plaintiff did not seek additional time to submit new evidence or follow up to ensure that Dr. Geary's records were received by the government. *Id.* at 9. But Plaintiff provides evidence that his counsel sought a 30-day extension to submit supporting evidence to the Appeals Council. Doc. 31-1 at 2. In accordance with this extension, several supporting medical documents were submitted on May 21, 2012, including Dr. Geary's medical reports. While Dr. Geary's reports were not considered by the Appeals Council, other documents submitted alongside them were considered. Doc. 30 at 8. Therefore, Plaintiff's submittal of evidentiary reports after the initial deadline does not appear to have affected the ability of the Appeals Council to review and address that information.

The Court finds no evidence in the record indicating that the Appeals Council found Plaintiff to have failed to exercise reasonable diligence in submitting these records. Additionally, Defendant does not contend that Plaintiff did not exercise reasonable diligence in informing the Commissioner of the Appeals Council's failure to consider Dr.

Geary's records or in seeking to supplement the record. Doc. 31-2 at 6. As discussed above, Plaintiff first brought the absence of Dr. Geary's reports in the administrative record to the attention of Defendant on December 30, 2013, asking Defendant to stipulate that Plaintiff could supplement the record to include those documents. *Id.*

Defendant further contends that "Plaintiff and his attorney were arguably on notice that the Appeals Council had not received Dr. Geary's records based on the conspicuous absence of any mention of these records in the Appeals Council's denial of the request for review, while the same notice explicitly addressed the other four PDF files that Plaintiff had submitted." Doc. 30 at 9. Even accepting this alleged notice, it is unclear how Plaintiff should have proceeded other than informing Defendant and filing for review of the Appeals Council's decision, as he did. The fact that the absence was "conspicuous" only supports Plaintiff's contention that the Commissioner's continued opposition to Plaintiff's complaint until after Plaintiff filed his opening brief was not substantially justified, as discussed above.

Finally, the Court is not convinced that an award of attorney's fees in this case would encourage counsel to act without reasonable diligence in the future. Plaintiff's counsel sought an extension to submit evidentiary reports, and there is no evidence that the Appeals Council found Plaintiff to have acted without reasonable diligence. Furthermore, Plaintiff's counsel made several efforts to bring the Appeals Council's failure to the attention of Defendant and to reach an agreement concerning supplementation of the administrative record. Policy considerations also favor encouraging the government to cooperate with opposing parties and timely respond to their requests. The Court cannot conclude that Defendant has met its burden to show substantial justification or exceptional circumstances.

**V.     Is the Amount of the Requested Fee Award Reasonable?**

Counsel submitted an itemized statement that shows he and his associate worked 18.3 hours on the case, plus one hour for a reply in support of the motion. Doc. 29-1 at 2. Counsel also seeks $418.93 in costs associated with filing fees and mailings. *Id.* Having

reviewed counsel's statement and having considered the fee award factors, *see Hensley v. Eckerhart,* 461 U.S. 424, 429–30 (1983), the Court finds that the total of 19.3 hours is not excessive. The Court will grant Plaintiff's motion and award $3,664.04 in attorney's fees and $418.93 in costs.[1]

**IT IS ORDERED:**

1. Plaintiff's motion for attorney's fees (Doc. 29) is **granted**.
2. Plaintiff is awarded **$4,082.97** pursuant to the EAJA

Dated this 16th day of November, 2016.

_____
David G. Campbell
United States District Judge

---

[1] Plaintiff requests a cost of living increase for the billed hours in accordance with rates set by the Ninth Circuit. *See* United States Courts for the Ninth Circuit Statutory Maximum Rates Under the Equal Access to Justice Act, http://www.ca9.uscourts.gov/content/view. php?pk_id=0000000039.  These increases are granted.